| STATE OF NORTH CAROLINA | File No. 21CVS712 |
|---|---|
| Rutherford County | In The General Court of Justice<br>☐ District  ☒ Superior Court Division |

| Name of Plaintiff<br>Isothermal Textile Services, LLC | **CIVIL SUMMONS** |
|---|---|
| Address<br>c/o Hendren & Malone, PLLC; 4600 Marriott Dr., Suite 150 | ☐ Alias and Pluries Summons |
| City, State, Zip<br>Raleigh, NC 27612 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name of Defendant(s)<br>Employers Mutual Casualty Company | Date Original Summons Issued |
| | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1<br>Employers Mutual Casualty Company<br>c/o The Commissioner of Insurance of The State of North Carolina<br>North Carolina Department of Insurance<br>1201 Mail Service Center<br>Raleigh, NC 27699-1201 | Name And Address of Defendant 2 |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)<br>J. Michael Malone<br>Hendren Redwine & Malone, PLLC<br>4600 Marriott Drive, Suite 150<br>Raleigh, NC 27612 | Date Issued<br>6/16/2021 | Time<br>10:25 | ☒ AM  ☐ PM |
|---|---|---|---|
| | Signature<br>A. Rodrig—— | | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date of Endorsement | Time | ☐ AM  ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

**NOTE TO PARTIES:** Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01

| NORTH CAROLINA | FILED | IN THE COURT OF GENERAL JUSTICE |
| --- | --- | --- |
| | | SUPERIOR COURT DIVISION |
| RUTHERFORD COUNTY | 2021 JUN 15  A  OFFICE NO. 21 CvS 712 | |

| ISOTHERMAL TEXTILE SERVICES, LLC, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | COMPLAINT |
| vs. | § | |
| | § | |
| EMPLOYERS MUTUAL CASUALTY COMPANY, | § | (JURY TRIAL DEMANDED) |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Isothermal Textile Services, LLC, Plaintiff herein, files Plaintiff's Original Complaint against Defendant EMC Insurance Companies, and, in support of its causes of action, Isothermal Textile Services, LLC would respectfully show the Court the following:

### I.
### THE PARTIES

1. Isothermal Textile Services, LLC ("Isothermal") is a limited liability company formed in the State of North Carolina with its sole and principal place of business in Rutherford County, North Carolina. Isothermal's sole member is Leigh Rhyne. Mr. Rhyne resides in Rutherford County, North Carolina which is his true, fixed, and permanent home.

2. Defendant Employers Mutual Casualty Company ("EMC," "Defendant" or "Insurer"), is an insurance company incorporated in the state of Iowa with its principal place of business located at 717 Mulberry Street, Des Moines, Iowa 50309-3872.

3. Upon information and belief, EMC is licensed and authorized to transact insurance business in the State of North Carolina by the North Carolina Department of Insurance.

## II.
## JURISDICTION AND VENUE

4. Rutherford County Superior Court is the proper trial division for this case as the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000).

5. Jurisdiction and venue are otherwise properly held with this Honorable Court.

## III.
## FACTUAL BACKGROUND

6. Isothermal is a named insured under a property insurance policy issued by EMC identified as Policy 5W0-01-55-19 ("Policy"). At all times relevant to this suit, Isothermal was the named insured of the commercial property located at 1148 Withrow Road, Spindale, North Carolina 28160 ("Property"). The Property is identified in the photograph below:



7. The Policy's term was from October 1, 2017 to October 1, 2018. The limit of the insurance on the Policy is $2,954,461.00 for the building and $590,892.00 for Business Personal Property.

2

8. On or about July 21, 2018, and/or at all times within the period of Plaintiff's Policy with Defendant, a violent wind and hailstorm struck North Carolina, including the Spindale, North Carolina area where the Property was located. The hail storm on this date caused extensive covered damage to the roofing system warranting replacement of the roofing system as well as damages to the interior of the Property, which was documented with multiple leaks coming through the ceiling tiles that were not occurring prior to the storm. The hail and wind damage were obvious. Just a few examples:



3





4

9. Isothermal reported the hail and wind damage to EMC once Isothermal became aware of the damage. EMC acknowledged receipt of the claim and commenced its investigation on or before May 29, 2019. EMC assigned this claim to Randy Byar ("Byar"), who, in turn, retained Superior Insurance Services ("Superior") as EMC's representative to inspect the Property. A Superior representative inspected the Property on an unknown date. According to a letter from Byar dated May 29, 2019, the Superior representative concluded the roof damage "was due to wear and tear," and "[n]o hail damage was found on the metal roof, HVAC units or the shingled roofs of the gazebo." Further, the Superior representative apparently attributed the interior leaks at the Property to maintenance issues and fiber accumulation on the roof. Byar, presumably without even visiting the Property, blindly adopted the Superior representative's opinion as EMC's complete coverage investigation and performed no independent investigation nor questioned the Super representative's inappropriate findings. Byar curtly explained in his denial letter, "Based on the facts gathered during the inspection and the sections of the policy listed above, we do not see any coverage for the building roof or for the interior water damage at the location noted above."

10. Dismayed by EMC's inadequate investigation of its claim, Isothermal retained the services of a licensed public adjuster, Kevin Aguilar ("Aguilar") of Aguilar Construction Services ("ACS"), to render an accurate estimate of the storm-related damage to the Property. Aguilar determined the damage to the Property warranted replacement cost coverage of **$1,416,076.98** under the terms of the Policy. Mr. Aguilar's estimate and evaluation came equipped with photographs of the extensive damage. These were provided to EMC.

11. Despite the foregoing, EMC simply disregarded Aguilar's estimate and stuck by its original findings of no hail or wind damage. Accordingly, EMC breached its Policy obligations and committed various insurance code violations in denying the claim.

12. The adjusters assigned to Isothermal's claim were improperly trained and failed to perform a thorough investigation of Isothermal's claim. Specifically, the Superior representative conducted a substandard inspection of the Property, including spending an inadequate amount of time inspecting the physical Property and failing to conduct any testing of the Property, including core sampling or any physical testing or moisture readings, before summarily concluding the direct force of hail and wind did not damage the majority of the roof and components of the Property to merit coverage. Further, obvious hail damage was simply disregarded. Essentially, Superior and Byar simply made their determination eyeballing the roof. Further, the Superior representative failed to properly scope the wind and hail damage and failed to provide a proper estimate of damages to the Property from the date of loss despite there being obvious wind and hail damage. There was also no weather investigation conducted. The inadequacy of the inspection and investigation is further evidenced by the failure to give Isothermal an adequate explanation as to why EMC believed there was no wind or hail damage warranting replacement of the roof and building components despite it being obvious based on the physical evidence, there being moisture in the interior (that did not exist before the storm), and the public adjuster's estimate and photographs. Further, Mr. Byar failed to explain why he undervalued and omitted covered damages from his damages recommendation and determined there was minimally covered damage despite obvious wind and hail damage during the Policy's period. Byar failed to properly scope Isothermal's damages, underestimated and undervalued the cost of repairs to the damaged items, thereby failing to allow any funds to cover the cost of repairs to the damages sustained. EMC performed no investigation of its own and blindly adopted the Superior representative's inadequate investigation and findings without even consulting an engineer. EMC did nothing as part of its

6

independent investigation of the covered loss, not even questioning the erroneous findings of the Superior representative.

13. Although EMC and its employees, representative and agents were aware of Isothermal's clear and present hail and wind damage and the reported damage was covered by the Policy, they decided the claim should be vastly under scoped and underpaid without conducting a thorough and reasonable inspection of the damages. Despite paying premiums for this very purpose, Isothermal received zero benefits necessary to perform repairs costing at least $1,416,076.98 that should be covered under the Policy.

14. EMC, along with its personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, ultimately approved an improper adjustment of and untimely evaluation of Isothermal's claim giving Isothermal zero dollars in covered damages for a catastrophic loss. EMC misrepresented Isothermal's damages were not covered when the losses in fact were clearly covered causes of loss during the Policy's period. Specifically, EMC represented to Isothermal none of the damage the roof was caused by a covered cause of loss within the Policy period without any proper investigation when, in fact, EMC knew, or with a reasonable investigation should have known, that the cost of repairs to all the damages was a clear covered loss.

15. Together, EMC and its employees, representatives and agents, set out to deny properly covered damages. Because of this unreasonable investigation and failure to provide any coverage for the damages sustained, Isothermal's claim was improperly adjusted, and Isothermal was denied any payment to repair its Property.

## IV.
## CAUSES OF ACTION

16. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

17. EMC had a contract of insurance with Plaintiff.

18. EMC denies that it had an obligation to cover the claim and has failed to pay the claim, thereby breaching its obligations under the Policy and under North Carolina law.

19. As a direct and proximate result of EMC's breach of the insurance contract, Plaintiff has sustained damages in the amount of at least $1,416,076.98 and its attorney's fees and costs.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

20. EMC owed Plaintiff, as its insured, a duty of good faith and fair dealing at all times during the existence of the insurance contract and while providing insurance coverage.

21. EMC purposefully, in bad faith, and without regard to the rights of the Plaintiff, failed to pay the appropriate value of covered damages. EMC's actions breached the insurance contract and were unreasonable, frivolous, and unfounded.

22. EMC's unfair acts and/or acts of bad faith include undervaluing Plaintiff's damages and wrongfully denying Plaintiff's claim without providing an adequate explanation for the denial.

23. EMC breached the covenant of good faith and fair dealing with the aforementioned conduct.

24. EMC's breach of the obligation of good faith and fair dealing caused Plaintiff and to incur damages.

### C. Unfair and Deceptive Trade Practices

25. EMC is engaged in the business of insurance in the State of North Carolina.

26. The business of insurance qualifies as "in or affecting commerce."

8

27. EMC had and has a duty to act in good faith when handling the claims under the Policy issued to Plaintiff.

28. EMC had and has a statutory duty to act in good faith to effectuate a prompt resolution of claims arising under insurance policies including the Plaintiff's claim pursuant to N.C. Gen. Stat. § 58-63-15(11)(f).

29. EMC had and has a statutory duty to not compel Plaintiff to initiate litigation in order to recover the amounts due under the Policy pursuant to N.C. Gen. Stat. § 58-63-15(11)(g).

30. EMC had and has a duty to value Plaintiff's damages in accordance with North Carolina law.

31. EMC breached the foregoing statutory duties in the course of its handling of the Plaintiff's claim by engaging in the following acts or practices in addition to acts and practices as more fully alleged above:

    a. Failing to exercise good faith in promptly resolving the claim with an appropriate payment to Plaintiff;

    b. Failing to comply with North Carolina law when valuing Plaintiff's damages; and

    c. By acting in other ways as more fully described herein which constitute a violation of the statutory obligations set forth in N.C. Gen. Stat. § 58-63-15(11).

32. EMC's violations of North Carolina law, including the statutory violations of N.C. Gen. Stat. § 58-63-15(11) and its subparts, constitute violations of Chapter 75 of the North Carolina General Statutes including N.C. Gen. Stat. § 75-1.1.

9

Case 1:21-cv-00190   Document 1-1   Filed 07/23/21   Page 10 of 20

33. As a direct and proximate result of EMC's violations of North Carolina law, including the statutory violations of N.C. Gen. Stat. § 58-63-15(11) and its subparts, and therefore Defendant's violations of Chapter 75 including N.C. Gen. Stat. § 75-1.1, Plaintiff has foreseeably suffered damages and Plaintiff is entitled to recover:

   a. The benefits due pursuant to the Policy plus interest at the legal rate;

   b. Attorney's fees and litigation expenses;

   c. Treble damages pursuant to N.C. Gen. Stat. § 75-16; and

   d. Interest on the aforesaid damages at the North Carolina legal rate.

34. The acts alleged herein were willful, wanton, or intentionally wrongful such that punitive damages should be imposed against EMC under N.C. Gen. Stat. § 1D-1 *et seq*.

## V.
## CONDITIONS PRECEDENT

33. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.
## PRAYER

34. WHEREFORE, PREMISES CONSIDERED, Isothermal prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Isothermal be awarded attorneys' fees through trial and appeal, costs of court, treble damages, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Isothermal may show itself to be justly entitled and Plaintiff further requests a trial by jury on all issues so triable.

Respectfully submitted, the 11th day of June, 2021

**HENDREN REDWINE & MALONE, PLLC**

*/s/ J. Michael Malone*

J. Michael Malone, Esq.
N.C. State Bar No.: 26512
Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
mmalone@hendrenmalone.com
Telephone: (919) 573-1423
Facsimile: (919) 420-0475

**HOSSLEY EMBRY LLP**

Jeffrey T. Embry
Texas State Bar No.: 24002052
Lead Counsel
*Pro Hac Admission Pending*
Christopher P. Peirce
Texas State Bar No.: 24046604
*Pro Hac Admission Pending*
Hossley Embry, LLP
515 S. Vine Ave
Tyler, Texas 75702
Telephone No. 903-526-1772
Telecopier No. 903-526-1773
jeff@hossleyembry.com
cpeirce@hossleyembry.com

**ATTORNEYS FOR PLAINTIFF**

11

| STATE OF NORTH CAROLINA | File No. 21CVS712 |
|---|---|
| Rutherford County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

FILED
2021 JUN 16 A 10: 25
RUTHERFORD CO., C.S.C.
BY_____ AK

| Name And Address Of Plaintiff 1 | |
|---|---|
| Isothermal Textile Services, LLC c/o Hendren Redwine & Malone PLLC 4600 Marriott Drive, Suite 150 Raleigh, NC 27612 | **GENERAL CIVIL ACTION COVER SHEET** ☒ INITIAL FILING ☐ SUBSEQUENT FILING Rule 5(b), General Rules of Practice For Superior and District Courts |

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)
J. Michael Malone
4600 Marriott Drive, Suite 150
Raleigh, NC 27612

**VERSUS**

Name Of Defendant 1
Employers Mutual Casualty Company

| Telephone No. 919-573-1423 | Cellular Telephone No. 919-949-8133 |
|---|---|
| NC Attorney Bar No. 26512 | Attorney E-Mail Address mmalone@hendrenmalone.com |

Summons Submitted ☒ Yes ☐ No

☒ Initial Appearance in Case  ☐ Change of Address

Name Of Firm
Hendren Redwine & Malone PLLC

FAX No. 919-420-0475

Counsel for
☒ All Plaintiffs  ☐ All Defendants  ☐ Only (list party(ies) represented)

Summons Submitted ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

**TYPE OF PLEADING**

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) Assess Court Costs
- ☐ Crossclaim (list on back) (CRSS) Assess Court Costs
- ☐ Dismiss (DISM) Assess Court Costs
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts
(Over)

|  | CLAIMS FOR RELIEF |  |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☒ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☒ Other *(specify and list each separately)*<br>UDAP (Unfair and Deceptive Trade Practices) |

Date: 6/14/2021

Signature Of Attorney/Party: [signature]

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

| No. | ☐ Additional Defendant(s)  ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |
|  |  | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

| | | |
|---|---|---|
| NORTH CAROLINA | FILED | IN THE COURT OF GENERAL JUSTICE |
| | | SUPERIOR COURT DIVISION |
| RUTHERFORD COUNTY | | FILE NO. 21 CvS 712 |
| | 2021 JUL 15 A 10: 12 | |

```
ISOTHERMAL TEXTILE SERVICES,  )
LLC,                          )
                              )
        Plaintiff,            )
                              )     AFFIDAVIT OF SERVICE
vs.                           )     OF COMPLAINT
                              )     NC Commissioner of Insurance
EMPLOYERS MUTUAL CASUALTY     )     Employers Mutual Casualty
  COMPANY,                    )     Company
                              )
        Defendant.            )
                              )
```

**J. Michael Malone,** being duly sworn, deposes and says:

1. He is an attorney-at-law whose address is 4600 Marriott Drive, Suite 150, Raleigh, North Carolina, and he is the attorney for the Plaintiffs and is counsel of record in this action.

2. A Civil Summons was duly issued in this action on or about June 16, 2021, and said Summons, along with a copy of Plaintiff's Complaint were deposited in a sealed envelope on June 22, 2021, at a U.S. Post Office with postage prepaid for mailing by Certified Mail with Return Receipt Requested to Employers Mutual Casualty Company, c/o Commissioner of Insurance / State of North Caroline Department of Insurance, 1201 Mail Service Center, Raleigh, NC 27699-1201.

3. The Special Deputy for Service of Process of The North Carolina Department of Insurance, pursuant to NC Gen Stat §58-16-30 and §58-16-35, acknowledged receipt of legal process and accepted service as process agent for the Defendant on June 25, 2021, and forwarded same to Defendant Employers Mutual Casualty Company.

This the 12ᵣᵈ day of July, 2021.

                                              J. Michael Malone, Esq.
                                              NC State Bar No. 26512
                                              Hendren, Redwine, & Malone, PLLC
                                              4600 Marriott Drive, Suite 150
                                              Raleigh, NC 27612
                                              Telephone (919) 573-1423
                                              Fax (919) 420-0475

State of North Carolina
Wake County

Sworn to and subscribed before me this 12 day of July, 2021.

                                              Christine R. Reeves
                                              NOTARY PUBLIC

My Commission Expires 10-17-2023

FILED
2021 JUL 15 A 10:12
RUTHERFORD CO C S C
BY _____

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ ____
☐ Return Receipt (electronic) $ ____
☐ Certified Mail Restricted Delivery $ ____
☐ Adult Signature Required $ ____
☐ Adult Signature Restricted Delivery $ ____

Postage
$

Total Postage and Fees
$ 6.05

Postmark Here — NORTHRIDGE POST OFFICE JUN 22 2021 27615

Employers Mutual Casualty Company
c/o Commissioner of Insurance / State of NC
North Carolina Department of Insurance
1201 Mail Service Center
Raleigh, NC 27699-1201

7019 2970 0000 6417 7862

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Employers Mutual Casualty Company
c/o Commissioner of Insurance
The State of North Carolina
North Carolina Department of Insurance
1201 Mail Service Center
Raleigh, NC 27699-1201

9590 9402 4003 8079 6904 77

2. Article Number (Transfer from service label)
7019 2970 0000 6417 7862

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  RECEIVED BY  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes  ☐ No
If YES, enter delivery address below:

JUN 24 2021

MAIL SERVICE CENTER

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

 

**SERVICE OF PROCESS**

**MIKE CAUSEY, COMMISSIONER**

Tel 919.716.6610   Fax 919.716.6757

FILED

2021 JUL 15 A 10: 12

RUTHERFORD CO CSC
BY _____

**Isothermal Textile Services, LLC**

vs.

Rutherford Co. File No. 21 CVS 712

**Employers Mutual Casualty Company**

I, Courtney H. Ethridge, a Special Deputy duly appointed for the purpose, do hereby accept service of the **Civil Summons and Complaint [Jury Trial Demanded]** in this action and acknowledge receipt of a copy of the same, under the provision of the North Carolina General Statute Section 58-16-30 as process agent for **Employers Mutual Casualty Company**.

This the **25th** day of **June, 2021**.

Mike Causey
Commissioner of Insurance

Courtney H. Ethridge
Special Deputy for
Service of Process



## NC DEPARTMENT of INSURANCE
**MIKE CAUSEY, COMMISSIONER**

SERVICE OF PROCESS

Tel 919.716.6610  Fax 919.716.6757

FILED

30 June 2021   2021 JUL 15 A 10: 12

J. Michael Malone
Hendren Redwine & Malone, PLLC
4600 Marriott Dr., Suite 150
Raleigh, NC 27612

RUTHERFORD CO  C S C
BY _____

**Isothermal Textile Services, LLC**

vs.

**Employers Mutual Casualty Company**

Dear Mr. Malone,

This acknowledges receipt of legal process in the referenced matter by a special deputy, duly appointed by me for such purpose. We are herewith enclosing the Department's receipt **#53618** in the amount of $10 for Service of Process.

The process papers were forwarded by certified mail to the named insurance company on **June 30, 2021.**

WJCC
7.15.21

Mike Causey
Commissioner of Insurance

Courtney H. Ethridge
Special Deputy for
Service of Process

Enclosure

| | |
|---|---|
| № 53618 | **STATE OF NORTH CAROLINA**<br>INSURANCE DEPARTMENT<br>RALEIGH, 6/30/21 |

RECEIVED of **Hendren Redwine & Malone, PLLC**
as Deposit Fee for service under Sec. 58-16-30 of the General Statutes of North Carolina, in suit
**Bothermal Textile Group, LLC** _____ Plaintiff _____, against
**Employers Mutual Casualty Company** Defendant _____. TEN DOLLARS
The process in said suit being issued from **Rutherford** _____ County,
a copy of which is deposited with this Department and a certified copy mailed, postage prepaid, to the
Company, as provided by law.

Date Served 6/30/21

_Mike Causey_
Insurance Commissioner

$10.00 CK#7979      FILE NO. SP-21-00304   21 CVS 712

FILED
2021 JUL 15 A 10: 12
RUTHERFORD CO CSC
BY: